IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINTON CALHOUN, III | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-0031-R |
| | § | |
| AMERIQUEST MORTGAGE COMPANY,, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSES TO AMERIQUEST'S FIRST REQUEST FOR PRODUCTON TO PLAINTIFF

**TO:**  Ameriquest Mortgage Company
Karen E. Sprole, Esq.
Diamond McCarthy Taylor Finely & Lee, L.L.P.
1201 Elm Street, Suite 3400
Dallas, Texas 75270

The plaintiff, Clinton Calhoun, III ["Plaintiff" or "Calhoun"], by and through his

attorneys submits the following responses and objections to Ameriquest's First Request for

Production of Documents.  The originals shall be made available upon the request of Defendant

for inspection and copying at Janette Johnson & Associates, 2601 Welborn, Dallas, Texas 75219,

upon reasonable notice and at reasonable times.  Copies of Documents shall be provided to

Defendant.

### General Objections

1.      Plaintiff objects generally to the Definitions and Instructions contained in

Defendant's discovery to Plaintiff to the extent that they call for answers beyond those required

by Rules 26 and 34 of the Federal Rules of Civil Procedure.

Plaintiff's Responses to Ameriquest's First  Request for Production of Documents  to Plaintiff - Page 1


EXHIBIT
A

2.      Plaintiff objects generally to disclosing information or documents protected from discovery by the attorney-client privilege, the work product doctrine, the party communication privilege, the physician-patient privilege, the marital privilege or any other privilege, doctrine, or immunity.

3.      Plaintiff objects generally to any request that seeks information or documents concerning Plaintiff that are wholly irrelevant to any issue properly before the Court in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects generally to Defendant's Request for Production of Documents to the extent that it seeks information or documents Trevino has obtained or may obtain from Defendant through discovery or through the disclosure process in this case. Plaintiff contents that it would be unduly burdensome and duplicative to provide to the Defendant information or documents the plaintiff has provided (or will provide) to Plaintiff as part of the disclosure process or in response to Plaintiff's written discovery.

5.      Plaintiff objects generally to all requests for production that are not limited to a reasonable time frame on the ground that they are overly broad. Plaintiff contends that providing information or documents extending beyond this time frame would impose an undue burden upon Plaintiff particularly considering the irrelevance of such information or documents.

6.      Plaintiff objects generally to Defendant's Request for Production on the grounds that: (i) the discovery sought is unreasonably cumulative and duplicative, and is obtainable from some other source that is more convenient, less burdensome, and less expensive; and (ii) the burden and expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the

issues at stake in this litigation and the importance of the proposed discovery in resolving the issues.

7.   Plaintiff objects to the provision of documents other than in the form or manner in which they are normally kept and further objects to the provision of more than one copy of a document for documents that are responsive to more than one Request.

8.   These general objections apply to each of the Defendant's Requests for Production. To the extent that certain general objections are cited in response to a specific Request, specific citations are provided because they are believed to be particularly applicable to the interrogatory and are not to be construed as a waiver of any other general objection applicable to information or documents falling within the scope of the Request for Production.

9.   Subject to the above stated objections, including all attorney client and attorney work product objections and to general relevancy objections, and to all objections specifically noted in response to individual requests for production, such documents will be provided for each of the following.

REQUEST NO. 1:

All documents that support your claim that you have suffered monetary damages as a result of Ameriquest's actions alleged in this suit, including, but not limited to, all documents reflecting the type and/or amounts of such monetary damages.

RESPONSE:

Plaintiff objects to this Request as overbroad, vague, and ambiguous to the extent it asks for all documents that "support" Plaintiff's claim. Plaintiff also objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the

Plaintiff's Responses to Ameriquest's First Request for Production of Documents to Plaintiff - Page 3

attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all such non-privileged documents.


## REQUEST NO. 2:

All documents on which your computation of damages is based, including materials bearing on the nature and extent of any damages suffered by you.

## RESPONSE:

Plaintiff objects to this Request as overbroad, vague, and ambiguous to the extent it asks for all documents "on which your computation of damages is based." Plaintiff also objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all such non-privileged documents.

## REQUEST NO. 3:

All documents, electronically stored information, and tangible things that are in your possession, custody, or control that you may use to support your claims.

## RESPONSE:

Plaintiff objects to this Request as overbroad, vague, and ambiguous to the extent it asks for all documents that "you may use to support" Plaintiff's claims. Plaintiff also objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all such non-privileged documents.

## REQUEST NO. 4:

All documents reflecting your earnings and/or income since leaving the employment of Ameriquest.

**RESPONSE:**

Plaintiff objects to the provision of documents concerning all earnings and/or income he has received since he ceased worked for Defendant as not reasonably calculated to lead to the discovery of admissible evidence, overbroad, and unduly burdensome, since only compensation relating to employment earnings can be used to reduce backpay and frontpay damages. Plaintiff further objects to this Request as invasive of privacy. Subject to these objections, Plaintiff will produce his pay stubs, W-2s and/or 1099s, reflecting employment income since his termination from Ameriquest that he earned at Countrywide.

**REQUEST NO. 5:**

All documents reflecting your earnings and/or income during the period of your employment by Ameriquest, from any person or entity other than Ameriquest.

**RESPONSE:**

. Plaintiff objects to the provision of documents concerning all earnings and/or income he received during the time period he worked for Defendant as not reasonably calculated to lead to the discovery of admissible evidence and overbroad. Plaintiff further objects to this Request as invasive of privacy. Subject to these objections, Plaintiff asserts that he will produce his pay stubs, W-2s and/or 1099s, reflecting employment income he earned at Ameriquest. Other than some "holdover" work from his prior employer Bankston Nissan during his first months of employment he had no other employment during his time at Ameriquest. Since his Bankston Nissan earnings in 2004 are not relevant nor can they be said to reasonably lead to relevant

information, they are not being provided.

## REQUEST NO. 6:

All of your personal income tax returns, and W-2 statements, from and including calendar year 2002 through present.

## RESPONSE:

Plaintiff objects to the provision of documents concerning all earnings and/or income he has received since 2002 as not reasonably calculated to lead to the discovery of admissible evidence, overbroad, and unduly burdensome, since only compensation relating to employment earnings subsequent to his employment with Americquest can be used to reduce backpay and frontpay damages. Plaintiff further objects to this Request as invasive of privacy. Subject to these objections, Plaintiff will produce his pay stubs, W-2s and/or 1099s, reflecting employment income at Ameriquest, and employment income he has received since his termination from Ameriquest at Countrywide. If the Defendant asserts that he is entitled to compensation for periods after Ameriquest shut down its retail operation, Plaintiff will then produce documents after his employment at Countrywide.

## REQUEST NO. 7:

All documents concerning efforts made by you to obtain employment and/or generate income after your employment ended with Ameriquest, including, but not limited to, resumes, job applications, and letters seeking employment.

## RESPONSE:

Plaintiff objects to this Request as overbroad, vague, and ambiguous to the extent it asks for all documents "concerning" his efforts. Plaintiff also objects to the provision of documents

Plaintiff's Responses to Ameriquest's First Request for Production of Documents to Plaintiff - Page 6

06/07/2007   13:31   JANETTE JOHNSON & ASSOCIATES → 2143895399   NO.476   P08

responsive to this request which are subject to the attorney-client privilege and the attorney work

product and investigative privileges. Further, his employment search was primarily conducted on

the internet and he is not certain how many of those documents he still has. Subject to these

objections, Plaintiff will produce all such non-privileged documents.

## REQUEST NO. 8:

All documents concerning efforts made by you during your employment by Ameriquest

to obtain regular and/or full-time employment other than at Ameriquest.

## RESPONSE:

Plaintiff objects to this Request as overbroad, vague, and ambiguous to the extent it asks

for all documents "concerning" his efforts. Plaintiff objects to this Request as seeking

information not likely to lead to admissible evidence, and unduly burdensome. Plaintiff also

objects to the provision of documents responsive to this request which are subject to the attorney-

client privilege and the attorney work product and investigative privileges. Moreover, Plaintiff

conducted his search primarily on the Internet by posting his resume and it is not certain which of

those documents he has. Subject to these objections, Plaintiff will produce all such non-

privileged documents.

## REQUEST NO. 9:

All documents originally generated by Ameriquest, or generated by you or some other

person, concerning your employment at Ameriquest.

## RESPONSE:

Plaintiff objects to this Request as overbroad, vague, and ambiguous, including to the

extent it asks for all documents "concerning your employment at Ameriquest." Plaintiff also

objects to this Request as seeking documents not in his possession, custody or control, and as unduly burdensome to the extent it seeks documents generated by "some other person" regarding Plaintiff's employment at Ameriquest. Plaintiff also objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all such non-privileged documents.

**REQUEST NO. 10:**

All letters, memos and other communications written by you to Ameriquest, or any of its agents, officers, employees, or any person named in this lawsuit; and all letters, memos, and other communications with Ameriquest, or any of its agents, officers, employees, or any person named in this lawsuit, to you.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, vague, and ambiguous. Plaintiff also objects to this Request to the extent it asks for all letters, memos and other communications written by Cahoun to agents, officers, or employees of Ameriquest, or from such persons to him, as this request seeks documents not reasonably likely to lead to admissible evidence, as it does not limit the Request to documents concerning employment, performance, or allegations in this lawsuit. Plaintiff also objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all such non-privileged documents, that relate to matters concerning his employment, his job performance, or the allegations made in this lawsuit. ,

**REQUEST NO. 11:**

All documents, including, but not limited to, all notes and memos, reflecting or concerning conversations between you (or any other person) and any current or former employee, official, or agent of Ameriquest, relating in any way to your employment at Ameriquest.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, vague, and ambiguous.  Plaintiff also objects to this Request to the extent it asks for all notes and memos regarding any conversation relating "in any way" to Calhoun's employment at Ameriquest,  as this request seeks documents not reasonably likely to lead to admissible evidence, because it does not limit the Request to documents concerning Calhoun's employment, performance, or allegations in this lawsuit. Plaintiff also objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all such non-privileged documents, that relate to conversations he had concerning matters relating to his employment, his job performance, or the allegations made in this lawsuit. .

**REQUEST NO. 12:**

All documents, including, but not limited to, all notes and memos, reflecting or concerning meetings between you (or any other person) and any current or former employee, official, or agent of Ameriquest relating in any way to your employment at Ameriquest.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, vague, and ambiguous.  Plaintiff also objects to this Request to the extent it asks for all notes and memos regarding any meeting

relating "in any way" to Calhoun's employment at Ameriquest, as this request seeks documents not reasonably likely to lead to admissible evidence, because it does not limit the Request to documents concerning Calhoun's employment, performance, or allegations in this lawsuit. Plaintiff also objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all such non-privileged documents, relating to meetings concerning his employment, his job performance, or the allegations made in this lawsuit. .

**REQUEST NO. 13:**

All portions of calendars, journals and/or diaries written or maintained by you that concern in any way your employment at Ameriquest.

**RESPONSE:**

Plaintiff objects to this Request as overbroad and vague and ambiguous. Plaintiff further objects to this Request on grounds that it is harassing and invasive of personal privacy and seeks documents not likely to lead to admissible evidence, to the extent it seeks all such documents "that concern in any way your employment at Ameriquest" Plaintiff also objects to the provision of documents responsive to this request that are subject to the attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all such non-privileged documents, that refer to or reflect matters regarding his employment with Ameriquest if any.

**REQUEST NO. 14:**

All documents provided to you by Ameriquest after your employment with it ended.

**RESPONSE:**

Plaintiff will provide all such documents.

**REQUEST NO. 15:**

All studies, reports, memoranda, evaluations, notes or other documents reviewed by, prepared by, or relied upon by, any expert witness you may use at the time of trial.

**RESPONSE:**

Plaintiff objects to this Request as overbroad to the extent that it requests documents outside those required to be produced by the Federal Rules of Civil Procedure or court order. Plaintiff will produce those documents relating to his expert witnesses that are required by such rules or court order, if he retains any testifying expert witnesses.

**REQUEST NO. 16:**

All documents originally generated by Ameriquest that are now in your possession.

**RESPONSE:**

Plaintiff objects to this Request as overbroad and vague and ambiguous. Plaintiff further objects to this Request on grounds that it seeks documents not likely to lead to admissible evidence, to the extent it seeks all documents "generated by Ameriquest," (which as defined would include any document generated by an employee of Defendant, even if it was not related to Calhoun's employment, performance, or allegations in this lawsuit). Plaintiff also objects to the provision of documents responsive to this request that are subject to the attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all such non-privileged documents, that refer to or reflect matters regarding

Plaintiff's Responses to Ameriquest's First Request for Production of Documents to Plaintiff - Page 11

Calhoun's employment, performance, or allegations in this lawsuit.

**REQUEST NO. 17:**

Any tape recordings made by you of any conversations you had with any current or former officer, employee, or agent of Ameriquest.

**RESPONSE:**

Plaintiff objects to this Request as overbroad. Plaintiff also objects to this Request to the extent it asks for any tape recording Calhoun has with any current or former officer, employee of agent of Ameriquest, as seeking documents not reasonably likely to lead to admissible evidence, because it does not limit the Request to documents concerning Calhoun's employment, performance, or allegations in this lawsuit. Plaintiff also objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all such non-privileged documents, that relate to tape recorded conversations he had with such persons, concerning matters relating to his employment at Ameriquest, his job performance at Ameriquest, or the allegations made in this lawsuit, if any.

**REQUEST NO. 18:**

All documents provided by you to the Texas Workforce Commission in connection with any unemployment benefits claim you may have filed after the termination of your employment with Ameriquest, and all documents provided by the Texas Workforce Commission to you in connection with the same.

**RESPONSE:**

Plaintiff did not apply for unemployment and accordingly there are no such documents. documents.

Plaintiff's Responses to Ameriquest's First Request for Production of Documents to Plaintiff - Page 12

**REQUEST NO. 19:**

All documents provided by you to the Equal Employment Opportunity Commission in connection with any discrimination claim you may have filed after the termination of your employment from Ameriquest, and all documents provided by the Equal Employment Opportunity Commission to you in connection with the same.

**RESPONSE:**

Plaintiff will provide all such documents.

**REQUEST NO. 20:**

All documents provided by you to the Texas Commission on Human Rights in connection with any discrimination claim you may have filed after the termination of your employment with Ameriquest, and all documents provided by the Texas Commission on Human Rights to you in connection with the same.

**RESPONSE:**

Plaintiff will provide all such documents.

**REQUEST NO. 21:**

All documents that support or disprove your contention that Ameriquest had the specific intent to discriminate against you in connection with the termination of your employment from Ameriquest.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents which "support or disprove" Plaintiff's contentions.  Plaintiff further

objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Further, Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product privilege especially as it requires the attorney for the Plaintiff to marshall the documents that Plaintiff's attorney deems relevant  Subject to these objections, Plaintiff will produce all non-privileged documents,

## REQUEST NO. 22:

All documents that support or disprove your contention that Ameriquest had the specific intent to discriminate against you in connection with any employment action taken with respect to your Ameriquest employment.

## RESPONSE:

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents which "support or disprove" Plaintiff's contentions.  Plaintiff further objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Further, Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product privilege especially as it requires the attorney for the Plaintiff to marshall the documents that Plaintiff's attorney deems relevant  Subject to these objections, Plaintiff will produce all non-privileged documents.

## REQUEST NO. 23:

All documents that support or disprove your contention that you allegedly opposed discriminatory acts by Ameriquest.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents which "support or disprove" Plaintiff's contentions.  Plaintiff further objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Further, Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product privilege especially as it requires the attorney for the Plaintiff to marshall the documents that Plaintiff's attorney deems relevant  Subject to these objections, Plaintiff will produce all non-privileged documents.

**REQUEST NO.** 24:

All documents that support or disprove your contention that Ameriquest retaliated against you in any way.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents which "support or disprove" Plaintiff's contentions.  Plaintiff further objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Further, Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product privilege especially as it requires the attorney for the Plaintiff to marshall the documents that Plaintiff's attorney deems relevant  Subject to these objections, Plaintiff will produce all non-privileged documents.

**REQUEST NO. 25:**

All documents that support or disprove your contention that you have suffered mental anguish as a result of any of Ameriquest's alleged actions.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents which "support or disprove" Plaintiff's contentions. Plaintiff further objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Further, Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product privilege especially as it requires the attorney for the Plaintiff to marshall the documents that Plaintiff's attorney deems relevant  Subject to these objections, Plaintiff will produce all non-privileged documents.

**REQUEST NO. 26:**

All documents that support or disprove your contention that Ameriquest discriminated against you in violation of the Title VII of the Civil Rights Act.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents which "support or disprove" Plaintiff's contentions. Plaintiff further objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Further, Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product privilege especially as it requires the attorney for the Plaintiff to marshall the documents that Plaintiff's attorney deems relevant Subject to these objections, Plaintiff will produce all non-

privileged documents.

**REQUEST NO. 27**:

All documents that support or disprove your condition [sic] that Ameriquest

discriminated against you in violation of the Age Discrimination in Employment Act.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that

it asks for all documents which "support or disprove" Plaintiff's contentions. Plaintiff further

objects to the provision of documents responsive to this request which are subject to the

attorney-client privilege and the attorney work product and investigative privileges. Further,

Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product

privilege especially as it requires the attorney for the Plaintiff to marshall the documennts that

Plaintiff's attorney deems relevant Subject to these objections, Plaintiff will produce all non-

privileged documents.

**REQUEST NO. 28**:

All documents that support or disprove your condition [sic] that Ameriquest

discriminated against you in violation of 42 U.S.C. § 1981.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that

it asks for all documents which "support or disprove" Plaintiff's contentions. Plaintiff further

objects to the provision of documents responsive to this request which are subject to the

attorney-client privilege and the attorney work product and investigative privileges. Further,

Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product

privilege especially as it requires the attorney for the Plaintiff to marshall the documents that Plaintiff's attorney deems relevant  Subject to these objections, Plaintiff will produce all non-privileged documents.

**REQUEST NO.** 29:

All documents that support or disprove your condition [sic] that Amir Paul Razi discriminated against you on the basis of your race, age, in violation of 42 U.S.C. § 1981, or in retaliation for you alleged opposition to discriminatory employment practices.

**RESPONSE**:

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents which "support or disprove" Plaintiff's contentions.  Plaintiff further objects  to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges.  Further, Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product privilege especially as it requires the attorney for the Plaintiff to marshall the documents that Plaintiff's attorney deems relevant Subject to these objections, Plaintiff will produce all non-privileged documents.

**REQUEST NO. 30:**

All documents that support or disprove your condition [sic] that Tanya Tottress discriminated against you on the basis of your race, age, in violation of 42 U.S.C. § 1981, or in retaliation for you alleged opposition to discriminatory employment practices

**RESPONSE**:

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that

it asks for all documents which "support or disprove" Plaintiff's contentions. Plaintiff further

objects to the provision of documents responsive to this request which are subject to the

attorney-client privilege and the attorney work product and investigative privileges. Further,

Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product

privilege especially as it requires the attorney for the Plaintiff to marshall the documents that

Plaintiff's attorney deems relevant  Subject to these objections, Plaintiff will produce all non-

privileged documents.

**REQUEST NO. 31:**

All documents that support or disprove your condition [sic] that Michael Ortiz

discriminated against you on the basis of your race, age, in violation of 42 U.S.C. § 1981, or in

retaliation for you alleged opposition to discriminatory employment practices.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that

it asks for all documents which "support or disprove" Plaintiff's contentions. Plaintiff further

objects to the provision of documents responsive to this request which are subject to the

attorney-client privilege and the attorney work product and investigative privileges. Further,

Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product

privilege especially as it requires the attorney for the Plaintiff to marshall the facts that Plaintiff's

attorney deems relevant  Subject to these objections, Plaintiff will produce all non-privileged

documents.

**REQUEST NO. 32:**

All documents supporting any one or more of the following allegations made in
Plaintiff's Original Complaint:

A.    "During the course of his employment, Calhoun opposed conduct, including
      differential treatment in the terms and conditions of his employment that he had a
      good faith belief were retaliatory and/or discriminatory due to age and/or race
      discrimination."

B     "Calhoun alleges that Ameriquest, including through its Agents including the
      individuals listed *supra*, engaged in a continuing pattern and course of
      discriminatory conduct against him in the terms, conditions, and privileges of
      employment, including his termination on or about April 4, 2006, because of his
      race, age, and/or in retaliation for his opposition to discriminatory employment
      practices."

C.    Ameriquest "engaged in a continuing course of race, age and or retaliation
      discrimination with respect to the terms, conditions and privileges of employment
      including discriminatory statements, attitudes and actions."

D.    Ameriquest "terminated his employment on or about April 4, 2006 with the loss
      of backpay, frontpay and commissions while retaining younger and/or Caucasian
      employees and/or employees who had not complained of racial discrimination."

E.    "Ameriquest continued to retain and/or hire younger and/or Caucasian employees
      and/or employees who did not oppose discrimination to perform the work that he
      had performed."

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents "supporting" Plaintiff's contentions. Plaintiff further objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Further, Plaintiff objects that the request unduly infringes on the Plaintiff's attorney's work product privilege especially as it requires the attorney for the Plaintiff to marshall the documents that Plaintiff's attorney deems relevant Subject to these objections, Plaintiff will produce all non-privileged documents.

**REQUEST NO.** 33:

All documents related to your alleged demotion.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents "relating to" Plaintiff's demotion. Plaintiff further objects to the provision of documents responsive to this request which are subject to the attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all non-privileged documents.

**REQUEST NO.** 34:

All documents related to Ameriquest's failure to promote you to the position of Branch Manager.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents "relating to" Defendant's failure to promote Plaintiff. Plaintiff further objects to the provision of documents responsive to this request which are subject to the

attorney-client privilege and the attorney work product and investigative privileges. Subject to these objections, Plaintiff will produce all non-privileged documents.

**REQUEST NO. 35:**

All documents (or copies thereof) related to any loan or mortgage applications submitted by Ameriquest clients or customers.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, and vague and ambiguous to the extent that it asks for all documents "related to" loan or mortgage applications. Plaintiff further objects to the extent that this Request is overbroad and unduly burdensome to the extent it requests documents already in the possession, custody, and control of Ameriquest. Plaintiff further objects to this Request as seeking documents not reasonably likely to lead to admissible evidence, to the extent as written, it extends to loan or mortgage applications of any person with any company, that has ever been a client or customer of Ameriquest. Subject to these objections, Plaintiff will produce all loan or mortgage applications of client or customers of Ameriquest, that he worked with during his employment, that are still in the possession, custody and control of Plaintiff, if any.

**REQUEST NO. 36:**

All documents (or copies thereof) belonging to Ameriquest that you ever removed from Ameriquest.

**RESPONSE:**

Plaintiff objects to this Request as overbroad and unduly burdensome to the extent it requests documents already in the possession, custody, and control of Ameriquest. Plaintiff

further objects to this Request as seeking documents not reasonably likely to lead to admissible evidence. Plaintiff also objects that this Request is vague and ambiguous in regard to its request that he identify documents "belonging" to Ameriquest. Plaintiff also objects to the term "removed" from Ameriquest, to any extent it infers Plaintiff was not authorized to take such documents from the premises of Ameriquest. Subject to these objections, Plaintiff will produce all such documents.

**REQUEST NO. 37:**

All fee agreements between you and your attorneys for this matter.

**RESPONSE:**

Plaintiff objects to this Request as violative of the attorney-client and attorney work product privilege. Plaintiff also objects to this Request as premature. Subject to these objections, Plaintiff will provide responsive documents upon prevailing in this litigation, as required by Court order at that time.

**REQUEST NO. 38:**

All bills sent to you from your attorney in connection with this litigation.

**RESPONSE:**

Plaintiff objects to this Request as violative of the attorney-client and attorney work product privilege. Plaintiff also objects to this Request as premature. Subject to these objections, Plaintiff will provide responsive documents upon prevailing in this litigation, as required by Court order at that time.

**REQUEST NO. 39:**

An executed copy of the attached employment records authorization form.

**RESPONSE:**

Plaintiff objects to this Request as overbroad, invasive of personal privacy, harassing and not likely to lead to admissible evidence.  Subject to these objections, Plaintiff will provide documents relating to the compensation he has earned at Countrywide.

Respectfully Submitted,

/s/ Janette Johnson

Janette Johnson
Texas Bar No. 10744020
Janette Johnson & Associates
2601 Welborn Street
Dallas, Texas 75219
(214) 522-4090
(214) 522-4092 facsimiles

Attorneys for Plaintifff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2007 a true and correct copy of the foregoing Plaintiff's Responses to Ameriquest's First Request for Production of Documents to Plaintiff was sent via U.S. mail to counsel for Ameriquest:

Karen E. Sprole, Esq.
Diamond McCarthy Taylor Finely & Lee, L.L.P.
1201 Elm Street, Suite 3400
Dallas, Texas 75270

/s/ Janette Johnson
Janette Johnson

JANETTE JOHNSON & ASSOCIATES

2601 WELBORN STREET
DALLAS, TEXAS 75219
(214) 522-4090
FAX (214) 522-4092

**RECEIVED**
JUN 1 1 2007

JANETTE JOHNSON *
CHRISTINE NEILL

* CERTIFIED BY THE TEXAS STATE BAR
  IN LABOR AND EMPLOYMENT LAW
* LICENSED IN TEXAS, CALIFORNIA, WASHINGTON, D.C.

June 7, 2007

Karen E. Sprole, Esq.
Diamond McCarthy Taylor Finely & Lee, L.L.P.
1201 Elm Street, Suite 3400
Dallas, Texas 75270

Re: Calhoun v. Ameriquest

Dear Karen:

Thank you for the agreed upon three day extension which you granted to Christine Neill this last Monday, June 4, 2007.

Enclosed please find the Plaintiff's Answers to Ameriquest's First Request for Production of Documents and Plaintiff's Responses to Ameriquests's First Interrogatories to Plaintiff which are being faxed and mailed to you.

On a related note, we are assembling the documents and will have them sent out for bate stamping and copying. I anticipate that you will receive them towards the first of next week.

Thank you again for your courtesies in this matter.

Very truly yours,

Janette Johnson

cc: Mr. Clinton Calhoun



EXHIBIT
**B**

# DIAMOND McCARTHY LLP

### Attorneys & Counselors

Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

**KAREN E. SPROLE**
214.389.5325
KSprole@diamondmccarthy.com

June 25, 2007

**VIA CMRRR**

Janette Johnson, Esq.
Janette Johnson & Associates
2601 Welborn Street
Dallas, Texas 75219

> **Re:**   *Clinton Calhoun v. Ameriquest Mortgage Company*
> Cause No. 3:07-CV-0031R, U.S.D.C., Northern Dist. of Texas, Dallas Division

Dear Janette:

Enclosed please find:

1. Defendant's Responses to Plaintiff's First Request for Admission;
2. Defendant's Responses and Objections to Plaintiff's First Request for Production of Documents; and
3. Defendant's Responses to Plaintiff's First Request for Interrogatories.

I am also enclosing a draft Agreed Protective Order for your review. Please let me know your comments.

In your June 7, 2007, letter in which you served Plaintiff's Responses to Ameriquest's discovery, you stated that we would receive responsive documents by the beginning of the week of June 11. It is now June 25 and we still have not received any responsive documents. Please let me know when we can expect to receive the documents.

Sincerely yours,

Karen E. Sprole

Enclosures



Diamond McCarthy Taylor Finley & Lee LLP
Houston | Two Houston Center | 909 Fannin, Suite 1500 | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5199
Austin | 6504 Bridgepoint Parkway | Suite 400 | Austin, TX 78730 | Phone: 512.617.5200 | Fax: 512.617.5299
www.diamondmccarthy.com

# DIAMOND McCARTHY LLP
### Attorneys & Counselors

Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

**KAREN E. SPROLE**
214.389.5325
KSprole@diamondmccarthy.com

July 11, 2007

**Via Facsimile**

Janette Johnson, Esq.
Janette Johnson & Associates
2601 Welborn Street
Dallas, Texas 75219

Re:   *Clinton Calhoun v. Ameriquest Mortgage Company*
      **Cause No. 3:07-CV-0031R, U.S.D.C., N. D. Tex. Dallas Division**

Dear Janette:

I am writing again to request that you produce documents responsive to Ameriquest's discovery requests. In your June 7, 2007, letter in which you served Plaintiff's Responses to Ameriquest's discovery, you stated that we would receive responsive documents by the beginning of the week of June 11. Despite the representations in your letter, as well as your obligation to produce documents, you still have not produced a single document in this case, nor have you provided any explanation as to why the documents have not been produced. Ameriquest served its discovery requests on April 18, 2007, and should have received documents long ago. Although we do not want to engage in motion practice to obtain documents we are clearly entitled to, we will have to do so if the responsive documents are not produced this week.

Additionally, I have previously requested dates on which you and Mr. Calhoun are available for Mr. Calhoun's deposition. You have not provided me any dates. Obviously I will need to have received the documents Mr. Calhoun is producing in this litigation before taking his deposition, but again request that you provide me with dates in early August on which you and Mr. Calhoun are available for his deposition.

Thank you for your attention to these matters.

Sincerely yours,

Karen E. Sprole

# DIAMOND McCARTHY LLP

### Attorneys & Counselors

Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

KAREN E. SPROLE
214.389.5325
KSprole@diamondmccarthy.com

July 13, 2007

**Via Facsimile**

Janette Johnson, Esq.
Janette Johnson & Associates
2601 Welborn Street
Dallas, Texas 75219

Re:     *Clinton Calhoun v. Ameriquest Mortgage Company*
        **Cause No. 3:07-CV-0031R, U.S.D.C., N. D. Tex. Dallas Division**

Dear Janette:

I am writing in response to your July 12, 2007, letter, responding to my request that you produce documents in the above-referenced matter that are now over a month overdue.

In your letter you, for the first time, suggest that Plaintiff's documents are confidential and should be subject to a protective order in this case. You have not previously made that assertion, nor did you object to any of Ameriquest's document requests or interrogatories on the ground that they sought confidential information from your client. You have thus waived any right you may have had to claim that documents produced by Plaintiff are confidential and should be treated as such.

Despite your failure to preserve any right to claim that Plaintiff's documents are confidential, I am not opposed to making any Agreed Protective Order mutual. Of course, I would expect that you only assert a confidential designation on documents that are truly confidential. I cannot agree, however, that you may hold responsive documents hostage until "we have a confidentiality order in place" as stated in your letter. You had promised (in writing) that you would produce documents over a month ago and to date you have not produced a single document. Now, you appear to claim that certain documents are confidential and cannot be produced absent a Protective Order. Certainly not all of Plaintiff's documents responsive to Ameriquest's requests are confidential and they should therefore be produced immediately.

With respect to the draft Agreed Confidentiality Order you sent, it does not go far enough to protect the confidentiality of documents that Ameriquest will produce. For example, it does not have any provision preventing confidential documents from being filed with the Court (and therefore being made a part of the public record). Additionally, your draft does not include a

# Diamond McCarthy, LLP

Janette Johnson, Esq.
July 13, 2007
Page 2

statement for witnesses and others to sign agreeing to keep documents confidential.  If you have proposed changes to the draft Protective Order I previously sent, please forward them to me.

  Thank you for your attention to these matters.

      Sincerely yours,

      *Karen E. Sprole*

      Karen E. Sprole

117372-4

# DIAMOND McCARTHY LLP

## Attorneys & Counselors

Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

**KAREN E. SPROLE**
214.389.5325
KSprole@diamondmccarthy.com

July 27, 2007

**Via Facsimile**

Janette Johnson, Esq.
Janette Johnson & Associates
2601 Welborn Street
Dallas, Texas 75219

Re:    *Clinton Calhoun v. Ameriquest Mortgage Company*
       **Cause No. 3:07-CV-0031R, U.S.D.C., N. D. Tex. Dallas Division**

Dear Janette:

This letter confirms our conversation of this afternoon in which you agreed to finally produce Plaintiff's documents responsive to Ameriquest's Discovery Requests by August 6, 2007. You had originally promised to produce the documents over six weeks ago, but to date you have not produced a single document, despite my repeated requests for the documents. When I called for purposes of conducting a certificate of conference on Ameriquest's Motion to Compel the production of documents, you agreed to produce the documents by August 6.

Ameriquest agreed to produce its nonconfidential, responsive documents by the end of the week of August 6.

With respect to the Agreed Protective Order that I sent to you for your consideration in June, it is my understanding that you will not agree to it and that I will need to seek relief from the Court to have a protective order entered. I believe that I have attempted to address your concerns with the Protective Order, even though you have not provided me with any proposed changes to the Protective Order I sent to you in June. If you have proposed changes to the order I sent to you in June, please submit them to me next week. Otherwise, I will need to request the court to consider the proposed protective order.

Thank you for your attention to these matters.

Sincerely yours,

Karen E. Sprole

Diamond McCarthy Taylor Finley & Lee LLP
Houston | Two Houston Center | 909 Fannin, Suite 1500 | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5199
Austin | 6504 Bridgepoint Parkway | Suite 400 | Austin, TX 78730 | Phone: 512.617.5200 | Fax: 512.617.5299
117372-5
www.diamondmccarthy.com



## DIAMOND McCARTHY LLP
### Attorneys & Counselors

Renaissance Tower | 1201 Elm Street, 34th Floor | Dallas, TX 75270 | Phone: 214.389.5300 | Fax: 214.389.5399

KAREN E. SPROLE
214.389.5325
KSprole@diamondmccarthy.com

August 10, 2007

**Via Hand Delivery**

Janette Johnson, Esq.
Janette Johnson & Associates
2601 Welborn Street
Dallas, Texas 75219

Re: ***Clinton Calhoun v. Ameriquest Mortgage Company***
**Cause No. 3:07-CV-0031R, U.S.D.C., N. D. Tex. Dallas Division**

Dear Janette:

Enclosed with this letter are documents produced by Defendant, Ameriquest Mortgage Company, that are responsive to Plaintiff's First Request for Production of Documents to Defendant, and which are Bates labeled AMQ 0001 – AMQ 1598 and include a CD containing Mr. Calhoun's emails from his Outlook.

We are very disappointed that you have again failed to honor our agreement regarding your production of Plaintiff's documents. You still have not produced a single document in this case despite your clear obligation to do so and your repeated promises to do so. We will be raising this issue with the Court next week.

Please call me if you have any questions.

Sincerely yours,

Karen E. Sprole

Enclosures

Diamond McCarthy Taylor Finley & Lee LLP
Houston | Two Houston Center | 909 Fannin, Suite 1500 | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5199
Austin | 6504 Bridgepoint Parkway | Suite 400 | Austin, TX 78730 | Phone: 512.617.5200 | Fax: 512.617.5299
www.diamondmccarthy.com

117372-6