UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINTON CALHOUN, III, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:07-CV-0031-O (BD) |
| AMERIQUEST MORTGAGE COMPANY, | § § | Referred to U.S. Magistrate Judge |
| Defendant. | § § | |

## PROTECTIVE ORDER

Upon motion of the Defendant Ameriquest Mortgage Company ("Ameriquest) for a Protective Order pursuant to FED. R. CIV. P. 26(c), the Court enters the following Protective Order to govern discovery in this case between Plaintiff Clinton Calhoun, III ("Calhoun") and Defendant Ameriquest (collectively referred to as the "Parties"). It is, therefore, ORDERED, ADJUDGED and DECREED as follows:

1. This Protective Order is applicable to the Parties, any additional parties joined in this action, and any third-parties required to respond to discovery in this matter, for the sole purpose of facilitating discovery in the above-styled and numbered cause. It is expressly ordered that this Protective Order will not, in any manner, be disclosed to the jury in the above-styled and numbered cause. It is further ordered that this Protective Order will not be used as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, except a hearing that involves issues related to the enforcement of any provision of this Protective Order.

2. All Confidential Information, as defined herein, produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this

litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof. Nothing in this Order shall limit or restrict the manner in which any Party shall handle its own Confidential Materials.

3. **Designation of Information.** A Party may designate any document, discovery response, testimony and other information furnished or disclosed to any other Party or its counsel during discovery or trial, or any portion thereof, as "Confidential" in the manner set forth in this Protective Order. In designating information as "Confidential," a Party will make such designation only as to that information that it in good faith believes is in need of such designation and the resultant protections afforded by this order. Information or material that is available to the public, including catalogues, advertising materials, and the like shall not be classified.

4. **"Confidential" Designation.** A Party may designate as "Confidential" any document or any portion of a document, and any other thing, material, testimony, or other information that it reasonably and in good faith believes contains or reflects proprietary or confidential information that is in need of the protections afforded to such information by this order.

5. **Time Period for Protection.** Except as otherwise provided below, any information, document, data, thing, deposition testimony, or interrogatory answer produced, given, or served pursuant to discovery requests in this litigation and designated by the producing Party as "Confidential" (collectively, the "Material"), or any information contained in or derived from any of the foregoing Material, shall be subject to the provisions of this Protective Order until further order of the Court.

6. **Document Production and Exhibits.** The Material shall be designated as "Confidential" by including a legend of "Confidential" on each page thereof as to which confidentiality is claimed. With respect to any Material designated as "Confidential" that is not produced in paper form (such as diskettes, magnetic media, and other Material not produced in paper form) and that is not reasonably susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party shall, to the extent practicable, produce such Material with a cover labeled "Confidential" and shall inform all counsel in writing of the "Confidential" designation of such Material at the time such Material is produced.

7. **Documents Filed Under Seal.** All portions of pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents, or entire pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents if not susceptible to separation, that produce, paraphrase, summarize, or otherwise contain any information designated as "Confidential" by a Party, if filed with the Court, shall be filed under seal in an envelope labeled with the caption of this suit, a description of the contents of the envelope, the word "Confidential", and the following statement:

> "THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE PROTECTIVE ORDER ENTERED BY THE COURT IN THIS SUIT, AND IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER."

8. **Depositions.** Any Party may designate a deposition or portion thereof as "Confidential" Material by denominating by page and line those portions of the deposition which are to be considered "Confidential" within fourteen (14) days of receiving the transcript and so informing all other Parties of such designation. Each Party shall attach a copy of such written statement or statements to the face of the transcript and each copy thereof in its possession,

custody, or control. Any portion of a deposition so designated, or separately bound volume, shall not be filed with the Court, except in accordance with paragraph 7 of this Protective Order.

9. **Restrictions on Use of Confidential Material.** Except as agreed by the designating Party or its counsel or as otherwise provided herein, information designated as "Confidential"

    a. shall be maintained in confidence by the counsel to which it is furnished;

    b. may be disclosed by such counsel only to Authorized Persons entitled to access thereto under paragraph 10 below;

    c. may be used by such counsel and the Authorized Person to whom it is disclosed only for the purposes of this litigation and for no other purpose; and

    d. may be photocopied only as reasonably necessary for this litigation.

Nothing herein shall prevent disclosure beyond the terms of this Order if the Party designating the information as "Confidential" consents in writing to such disclosure, or if the Court, after notice to all affected Parties, permits such disclosure. Further, nothing in this Order inhibits or affects any Party's right to use its own documents and its own "Confidential" material in its sole and complete discretion

10. **Authorized Users of "Confidential" Material.** Except as agreed by the designating Party or its counsel or as otherwise provided herein, no "Confidential" Material subject to this Protective Order or extracts or summaries therefrom shall be given or shown to any person except the following:

    a. Attorneys for any Party engaged in the litigation of this action and the regular employees of such attorneys to whom it is necessary that the material be shown for purposes of litigation.

    b. Individual parties and employees or officers of a corporate Party actively engaged in assisting that Party's attorneys in the conduct of this litigation to the extent reasonably necessary to enable the attorneys for that Party to

render professional services in the litigation, after such party, employee or officer has signed a statement in the form annexed hereto as Exhibit "A."

c. Persons not employees of any Party who are expressly retained to assist such Party's counsel ("Retaining Counsel") in the preparation of this action for trial including, but not limited to, testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons, to the extent relied upon by testifying experts in forming their opinions ("Outside Experts"), after such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit "A."

d. Persons not employees of any Party who are expressly retained to assist Retaining Counsel in the preparation of this action for trial as consulting experts ("Consulting Experts"), after such Consulting Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit "A."

e. A deposition or trial witness in this case, after such witness has signed and delivered to the person revealing the document a statement in the form annexed hereto as Exhibit "A," which the revealing Party shall produce to opposing counsel upon the close of the evidence in the trial of this matter, or, if no trial occurs, upon entry of a final judgment or other dispositive order by the trial court.

f. Persons not employees of any Party, including court reporters and copy services, retained by counsel of record in connection with discovery or trial, including preparation for trial.

g. The Court, other court officials (including court reporters) and the trier of fact, and the designating party reserves the right to seek a sealing order from the Court.

h. Any other person who subsequently is designated either by (i) written agreement of all the Parties after a request by one of them or (ii) by order of the Court upon motion by a Party, after notice to all the Parties.

11. No person allowed to view "Confidential" Material shall use any "Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties, and each person shall make best efforts necessary to protect the confidentiality of the material.

12. **Notice of Subpoena.** Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order. To the extent that either Party, their counsel, or other recipient of Confidential Information received hereunder receives a discovery request or subpoena in another case for materials of the opposing Party designated as "Confidential," such Party shall notify counsel for the Party whose material is sought in writing within two (2) days of the receipt of such request or subpoena or otherwise within a reasonable time in which the Party whose material is sought may seek to protect its material from disclosure.

13. **Retroactive Designation.** Documents previously produced shall be retroactively designated as "Confidential" by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving Party.

14. **Challenging Designation.** A Party shall not be obligated to challenge the propriety of a designation "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential," the Parties shall first try to resolve such dispute in good faith on an informal basis (such as production of redacted copies). If the dispute cannot be resolved, the objecting Party may invoke this Protective Order by objecting in writing to the Party who has designated the document or information as "Confidential." The objecting Party shall be required to move the Court for an order striking the designated status of such information within twenty-one (21) days after the

Parties agree that they are unable to resolve the dispute, with the producing Party having the burden of proof in seeking to establish that the information is in need of the protections that accompany such designation. Failure to timely move the Court for such an order shall constitute a waiver of the objection.

15. **Use of Confidential Material at Trial.** In the event that, through testimony or exhibits, "Confidential" information is presented at trial, the Parties agree to request from the Court the appropriate procedures to limit the disclosure of such information to those persons attending the trial that are bound by the terms of this Protective Order.

16. **Responsibility of Counsel.** Counsel for the Parties to whom "Confidential" Material has been furnished shall be responsible for securing execution of and retaining the statement attached hereto as Exhibit "A" as and when required under the provisions of this Protective Order.

17. **Conclusion of Suit.** The provisions of this Protective Order shall continue in effect with respect to any "Confidential" Material until expressly released by the Party furnishing such Material, and such effectiveness shall survive the final determination of this action. Unless otherwise agreed by the Party producing such Material, upon a demand by the producing Party, made after the final determination of this action, each Party shall return all "Confidential" Material in the possession or control of outside counsel or other Authorized Persons, and all copies, derivations and summaries thereof, to outside counsel for the designating Party; provided, however, that this obligation shall not extend to an attorney's notes and other materials that constitute an attorney's work product as described within Rule 26(b)(3) of the Federal Rules of Civil Procedure. For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all claims and dismissal with prejudice of

this litigation; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action; or (iii) the expiration of all time limits under applicable law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

**IT IS SO ORDERED.**

Signed this 26th day of December, 2008.

Jeff Kaplan
United States Magistrate Judge

**APPROVED AS TO FORM:**

Respectfully submitted,

Karen E. Sprole
State Bar No. 00791715
Diamond McCarthy Taylor
Finley & Lee, LLP
1201 Elm Street, Suite 3400
Dallas, Texas 75270
Telephone: (214) 389-5300
Fax: (214) 389-5399
E-mail: KSprole@diamondmccarthy.com
**ATTORNEYS FOR DEFENDANT
AMERIQUEST MORTGAGE COMPANY**

Janette Johnson
JANETTE JOHNSON & ASSOCIATES
2601 Welborn Street
Dallas, TX 75219
214 522 4090 (telephone)
214 522 4092 (fax)
**ATTORNEY FOR PLAINTIFF
CLINTON CALHOUN**

## **EXHIBIT A**

## STATEMENT

     1.    I am familiar with and agree to be bound by the terms of the Protective Order in the litigation styled: *Clinton Calhoun, III v. Ameriquest Mortgage Company,* Cause No. 3:07-CV-00031-O; in the United States District Court for the Northern District of Texas, Dallas Division.

     2.    I will only make such copies of or notes concerning documents designated "Confidential" as are necessary to enable me to render the assistance required in connection with this litigation, and all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation, pursuant to the terms of the Protective Order entered in this case.

     3.    I will not reveal the contents of "Confidential" Material to any unauthorized person.

     4.    I will not use "Confidential" Material for any purpose other than the prosecution or defense of claims in this action.

DATED this ____ day of _____, 200__.

By:_____

Name: _____ (print name)